**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAY CHEN, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Civil Action No. 1:23-cv-01459 (UNA) |
|  ) | |
|  ) | |
| U.S. EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, et al., ) | |
|  ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, initiated this matter on May 15, 2023, by filing a complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, on July 12, 2023, the Court entered an order, ECF No. 3, directing Plaintiff to, within 30 days, (1) file an amended complaint properly listing her full residence address and telephone number, which were missing entirely from the original complaint, or alternatively, file that information in a separate notice under seal, *see* D.C. LCvR 5.1(c)(1), and (2) file a fully completed IFP application, because the original was mostly blank.

On August 3, 2023, Plaintiff filed a second application to proceed IFP, ECF No. 5, which is sufficient to apprise the Court of her financial circumstances, and on August 21, 2023, she filed a motion to consolidate cases, ECF No. 6. Plaintiff has not, however, filed an amended complaint with her full residence address and telephone number, nor has she alternatively filed that information under seal, in contravention of the Court's order. The Court notes that she lists a residence address in her motion to consolidate, but she states that either that residence, or perhaps another residence, was "wrongfully demolished," therefore it is unclear that she can receive mail

at that address. She also does not list any telephone number. For these reasons alone, this case must be dismissed. However, additional deficiencies are present.

Plaintiff sues the United States Equal Opportunity Employment Commission ("EEOC"), the United States Department of Health and Human Services ("DHH"), and the United States Department of Justice ("DOJ"), for employment discrimination based on race, color, gender/sex, national origin, and age, but does not specify her race, color, gender/sex, or country of national origin; she only specifies her age. Her form complaint checks off boxes for: failure to hire, termination of employment, failure to promote, unequal terms and conditions of employment, and retaliation. She alleges that she suffered "reverse justice, failure to implement law, grievance[,][and] persecution[,]" though she does not explain what any of that means.

Plaintiff first alleges that the wrongdoing occurred on April 10, 2023, but then, to the contrary, she asserts that she applied for "200 positions with the subject agencies from January 2005 to 2023[,]" and broadly alleges that she suffered discrimination and mistreatment for decades. She demands that Defendants be criminally prosecuted, asks for equitable relief, and demands $57 million in damages. Notably, this court has no authority to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether to prosecute, and for what offense, rests solely with the government. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F.

Supp. 2d 17, 22 (D.D.C. 2012). Nor may Plaintiff attempt to compel a criminal investigation by any law enforcement agency by filing a complaint with this Court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Plaintiff attaches exhibits related to some of her administrative claims before the EEOC, but the exhibits total 140 pages, and she fails entirely to cite to them or explain them, making it difficult to discern their relevance to her claims as currently presented. *See Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n. 6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position."), *aff'd*, 686 Fed. Appx. 5 (D.C. Cir. 2017); *see also* D.C. LCvR 5.1(e) (requiring that a complaint's exhibits be "essential to determination of the action.").

Simply put, the complaint fails to make out a colorable claim for employment discrimination, retaliation, or otherwise. Plaintiff does not specify the acts committed by the defendant agencies, or differentiate between them, nor does she articulate the context of any alleged wrongful acts that she allegedly endured. She does not state what actually happened, or where, or when, or by whom. Furthermore, if plaintiff is suing the EEOC solely relating to its handling of her administrative claims, she may not do so, because no private right of cause of action exists against the EEOC for such a claim. *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997); *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 46 (D.D.C. 2001) (collecting cases).

As here, a plaintiff cannot "merely invoke" their membership in a protected class "in the course of a claim's narrative and automatically be entitled to pursue relief[,]" *Bray v. RHT, Inc.*,

748 F. Supp. 3, 5 (D.D.C. 1990), and "bare assertions" of a "discrimination claim" are "not entitled to be assumed true[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79). Plaintiff has failed to meet this minimum pleading standard and has thus failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a).

Accordingly, and for all of the above stated reasons, Plaintiff's second IFP application is granted, the motion to consolidate is denied as moot, and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 3, 2023   _____

JIA M. COBB
United States District Judge